## 38379. FRIEDMAN v. THEOFILOS.

GARDNER, Presiding Judge. Mrs. Angeline Theofilos (hereinafter called the plaintiff) brought a suit in the Civil Court of Fulton County on April 20, 1954, against A. M. Friedman (hereinafter called the defendant). The defendant filed defensive pleadings within the statutory time and requested a jury trial. On December 10, 1959, the case came on to be heard before a jury. The judge directed a verdict against the defendant. On February 5, 1960, the defendant filed a

motion to vacate and set aside the verdict and judgment "upon the ground that at the time said verdict and judgment was taken the Civil Court of Fulton County was without jurisdiction to try said cause, direct a verdict, or enter a judgment thereon, said cause having been automatically dismissed under provisions of the act of the General Assembly of Georgia approved as of December 22, 1953 (Ga. L. 1953, Nov. Sess., pp. 342, 343; Annotated Supplement to the Georgia Code of 1933, § 3-512), on April 20, 1959; that no written order of continuance, and no written order of any kind, had been taken in said case since the date of its filing, which was more than five years before the date of said verdict and judgment; and said case, under the provisions of said act, was no longer pending in said court at the time of the attempted trial, verdict and judgment." On February 5, 1960, Hon. Thomas L. Camp, Judge of the Civil Court of Fulton County, issued a rule nisi upon the motion to vacate and set aside the verdict and judgment, and set a hearing to be had before him the 11th day of February, 1960. On February 11, 1960, a hearing was had on the motion to vacate and set aside the verdict and judgment, and an order was issued overruling and denying said motion. On February 25, 1960, the defendant filed a motion for a new trial with reference to the overruling and denying of his motion to vacate and set aside the verdict and judgment. On April 15, 1960, a hearing was had on the motion for a new trial, and the same was overruled. A bill of exceptions was tendered to the trial judge on April 27, 1960, assigning as error the order of February 11, 1960, overruling the motion to vacate and set aside the judgment and also the overruling of the motion for a new trial. The defendant's remedy on objections to a motion to vacate and set aside a verdict and judgment was by direct bill of exceptions to the Court of Appeals, not by motion for a new trial. It will be noted that the bill of exceptions based on objections to the ruling on the motion to vacate and set aside the judgment and the overruling of the motion for a new trial was tendered to the trial judge on April 27, 1960. Since the order on the motion to vacate and set aside the verdict and judgment was issued on February 11, 1960, and no direct bill

of exceptions was filed to this court within thirty days, the writ of error now before us must be dismissed.

*Writ of error dismissed.  Townsend, Carlisle, and Frankum, JJ., concur.*

DECIDED JULY 15, 1960—REHEARING DENIED JULY 28, 1960.

*Essley B. Burdine, James R. Venable, Margaret Hopkins,* for plaintiff in error.

*Grady E. Rozar,* contra.